UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRENDA C. ARMSTEAD,           )
                              )
        Plaintiff,            )    No. C08-3554 SI (BZ)
                              )
   v.                         )    **REPORT AND RECOMMENDATION ON**
                              )    **APPLICATION TO PROCEED *IN***
HSBC CARD SERVICES,           )    ***FORMA PAUPERIS***
                              )
        Defendant.            )
_____)

    Plaintiff Brenda C. Armstead has applied to proceed with her complaint *in forma pauperis* pursuant to 28 U.S.C. section 1915(a). She has also moved for "a hearing immediate per Rule 5 Federal Law." However, Rule 5 of the Federal Rules of Civil Procedure governs the procedure for serving and filing pleadings. As plaintiff has declined magistrate judge jurisdiction, the following is a report and recommendation on plaintiff's application to proceed *in forma pauperis*.

    Under section 1915(e)(2), a court must dismiss an *in forma pauperis* application which, liberally construed, fails to state a claim on which relief may be granted. See 28 U.S.C. 1915(e)(2)(B); Marks v. Slocum, 98 F.3d 494, 495 (9th

1  Cir. 1996)(*per curiam*).
2      After reviewing the application and complaint, I find
3  that plaintiff does not sufficiently state a claim upon which
4  relief can be granted.  To file suit in federal court, a
5  plaintiff must invoke the jurisdiction of a federal court.
6  Generally, this means that filing a case that involves a
7  question of federal law, or in which the parties are from
8  different states and the amount in controversy exceeds
9  $75,000.  See 28 U.S.C. §§ 1331 and 1332(a).  Here, it is not
10 clear what, if any, federal claim plaintiff is alleging or
11 whether there is any reason for this case to be in federal
12 court.  In her complaint, in which she refers to herself as a
13 "representative," plaintiff merely states, "HSBC is adding
14 charges that is not the plaintiff's fault" [sic] and as a
15 result, "plaintiffs account has been turned over" to a
16 collections agency.  Plaintiff does not explain why she filed
17 in federal court, whether she thinks a federal law has been
18 violated or what the amount of her damages is.
19   Because I find that plaintiff's complaint fails to state a
20 claim upon which relief may be granted, I recommend that
21 plaintiff's application to proceed *in forma pauperis* be denied
22 and her complaint be dismissed with leave to amend**.**  If
23 plaintiff desires to proceed with this lawsuit, I recommend
24 that she should amend her complaint by **September 15, 2008** to
25 demonstrate that she is legally entitled to relief against
26 defendant in federal court.  The amended complaint should be a
27 short, legible statement in plain English that clearly states
28 the facts that form the basis for her suit against the

2

defendant. The amended complaint should at least explain: (1) whether these are Armstead's claims or she is trying to represent someone; (2) what defendant did to plaintiff; (3) what law she thinks was violated; (4) why she filed in federal court and why she thinks the court has jurisdiction over this action; and (5) what relief she wants under Rule 5. Furthermore, the first page should set forth the telephone number of the party presenting the paper for filing. N.D. Cal. Civ. R. 3-4(a)(1). In amending her complaint, plaintiff may wish to consult a manual the court has adopted to assist *pro se* litigants in presenting their case. This manual is available in the Clerk's Office and online at www.cand.uscourts.gov. If plaintiff's amended complaint does not do these things satisfactorily, I recommend that the complaint be dismissed pursuant to 28 U.S.C. section 1915(e)(2)(B).

Dated: August 12, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ARMSTEAD V HSBC\ARMSTEAD DENY IFP II.wpd

3